### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### NORTHERN DIVISION
### AT COVINGTON

**CIVIL ACTION NO. 15-135-DLB**

**EDWARD L. McQUEEN**                                                                          **PLAINTIFF**

**vs.**                                          **MEMORANDUM ORDER**

**CINCINNATI INSURANCE COMPANIES, ET AL.**                        **DEFENDANTS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Defendant Erie Insurance Company moves to dismiss Plaintiff Edward L. McQueen's *pro se* Complaint, arguing that the Court lacks subject-matter jurisdiction over this matter. In the alternative, Erie contends that dismissal is appropriate because McQueen makes no specific allegations of negligence against it.

### I.      Factual and Procedural Background

On July 25, 2013, Stewart Worthen was driving through Covington, Kentucky, with McQueen as his passenger. (Doc. # 2 at 2). While stopped at a red light on Madison Avenue, Worthen's vehicle was suddenly rear-ended by a KOI truck, driven by David R. Herman. (*Id.*). McQueen has experienced recurring nose bleeds and severe back pain since this accident. (*Id.* at 4).

Almost two years later, McQueen filed this civil action against Worthen, Herman and KOI. (*Id.* at 1-2). He also names Worthen's insurer, Erie Insurance Company, and Cincinnati Insurance Companies[1] as Defendants in this action. (*Id.*). After reviewing the Complaint, the Court expressed doubts about the existence of jurisdiction and ordered

---

1) McQueen also names several of Cincinnati Ins. Co.'s subsidiaries, including Cincinnati Indemnity Co., Cincinnati Casualty Co., Cincinnati Specialty Underwriters Co. and Cincinnati Life Ins. Co., as Defendants to this action. (Doc. # 2). However, he does not explain why he chose to name these entities in this action.

McQueen to respond to those concerns in writing. (Doc. # 3). Erie filed its Motion to Dismiss just a few weeks later. (Doc. # 4). McQueen having submitted a combined Response to both the Court's Order and the Motion to Dismiss, and Erie having filed its Reply, this matter is now ripe for the Court's review. (Docs. # 11 and 13).

**III.   Analysis**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). "A facial attack is a challenge to the sufficiency of the pleading itself." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). When considering the merits of such an attack, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* By contrast, a factual attack is "a challenge to the factual existence of subject matter jurisdiction." *Id.* (stating further that the court is free to weigh the evidence in such instances and satisfy itself as to the existence of its power to hear the case). The plaintiff bears the burden of establishing jurisdiction in both scenarios. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 914 (6th Cir. 1986).

In this case, Erie does not contest the factual allegations contained in McQueen's Complaint. Instead, it "seeks the dismissal of [McQueen's] Complaint due to a clear lack of subject-matter jurisdiction." (Doc. # 4 at 2). The Court will therefore treat Erie's Motion as a facial attack on the Complaint, accept the allegations set forth in the Complaint as true and construe them in the light most favorable to McQueen.

Based on the factual allegations contained in the Complaint, the Court interpreted it as stating a claim for negligence. (Doc. # 3). McQueen has not given the Court any

2

reason to reconsider its initial conclusion. (Doc. # 11). Because negligence is a state law claim, the Court may only entertain this matter if diversity jurisdiction is present. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists if two basic components are satisfied: (1) the amount in controversy must exceed $75,000; and (2) the parties must be citizens of different states. *Id.* The Court will address each of these elements in turn.

When evaluating the amount in controversy requirement for jurisdictional purposes, the sum claimed by the plaintiff typically controls. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). McQueen seeks $2,000 for each day that has passed since the accident. As stated earlier, the accident occurred on July 25, 2013, which was 844 days ago. Based on these figures, the Court calculates McQueen's requested damages at $1,688,000, more than twenty times the jurisdictional minimum. The first component is therefore satisfied.

As for the second component, the citizenship inquiry differs depending on whether the party is a natural person or an artificial entity. An individual is deemed a citizen of a state if he is physically present there and has "either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). A corporation is deemed a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). "Diversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff." *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008).

McQueen states that he is a citizen of Ohio. (Doc. # 1 at 1). Based on the addresses listed in the Complaint, McQueen also asserts that Defendants Worthen,

3

Herman, Cincinnati Insurance Company (and its affiliates) and Erie are all citizens of Ohio. (*Id.*). Only KOI is listed as a citizen of Kentucky. (*Id.*). Because McQueen is not a citizen of a different state than *each* of the named Defendants in this action, there is not complete diversity between the parties.[2] Absent that, the Court lacks subject-matter jurisdiction over this case.

## IV. Conclusion

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Defendant Erie Insurance Company's Motion to Dismiss (Doc. # 4) be, and is, hereby **GRANTED**. This matter shall be **DISMISSED** and **STRICKEN** from the Court's active docket. McQueen remains free to seek relief in Kenton County Circuit Court.

This 16th day of November, 2015.



Signed By:

David L. Bunning

United States District Judge

---

2) Although the standard of review requires the Court to accept all factual allegations as true and construe them in the light most favorable to McQueen, he ultimately bears the burden of proving that subject-matter jurisdiction exists. Under that framework, McQueen's claim fails, for reasons set forth above.

However, the Court had some lingering doubts about the alleged citizenship of the corporate Defendants. Upon its own initiative, and in recognition of McQueen's *pro se* status, the Court inquired further this issue. While it is satisfied that McQueen correctly identified Cincinnati Insurance Company as an Ohio citizen, it believes that KOI is actually an Ohio citizen and Erie Insurance Company is actually a Pennsylvania citizen. *See* Cincinnati Insurance Company, *available at* https://www.cinfin.com/about-us/markets (identifying its Fairfield, Ohio office as company headquarters); KOI Auto Parts, *available at* http://www.koiautoparts.com/contact_us.php (indicating that its corporate offices are located in Cincinnati, Ohio); Erie Insurance, *available at* https://www.erieinsurance.com/about-us/company-profile (stating that its "Home Office" is in Erie, Pennsylvania); *see generally* Ohio Secretary of State Business Filing Portal, *available at* http://www.sos.state.oh.us/SOS/. With these corrections in mind, the Court reaches the same ultimate conclusion. Because the parties are not completely diverse, the Court lacks subject-matter jurisdiction over this matter.